IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ADAM AANA-KEPA,<br><br>Plaintiff,<br><br>v.<br><br>MARIAH SATTERWHITE, *et al.*,<br><br>Defendants. | Case No. 25-cv-00260-DKW-WRP<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On June 24, 2025, Plaintiff Adam Aana-Kepa, proceeding without counsel, filed a Complaint against various known and unknown individuals, alleging constitutional violations and negligence stemming from the "remov[al]" of six minor children from their "legal guardian", who Plaintiff identifies as his mother—a person not named as a plaintiff in this action. Dkt. No. 1. At the same time, Plaintiff also filed an application to proceed *in forma pauperis* ("IFP Application") and a motion for appointment of counsel. Dkt. Nos. 2-3.[2] For the reasons set forth below, the IFP Application is DENIED WITHOUT PREJUDICE as incomplete.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

[2] On June 25, 2025, the assigned U.S. Magistrate Judge denied without prejudice the motion for appointment of counsel, stating that it was premature prior to resolution of the IFP Application. Dkt. No. 5.

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), an applicant must nonetheless show an inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, the Court is unable to assess whether Plaintiff is entitled to proceed without prepaying fees or costs because, in the IFP Application, he has failed to provide sufficient information to assess his financial wherewithal. In material part, the IFP Application amounts to four brief statements. Specifically, the only information provided therein is that Plaintiff is not incarcerated, he has no dependents, his monthly income is "$0 (unemployed)", and he has no monthly expenses. Dkt. No. 2. This is inadequate. Among other things, Plaintiff provides no information on whether he has any money in any bank account or whether he owns any assets or other things of value. Further, while Plaintiff states that his monthly income is $0, given that this statement is followed by

2

"unemployed", it is unclear whether Plaintiff has limited his income to simply wages or other pay from employment or whether Plaintiff receives no income from any source, including any form of government assistance.   Such clarity must be provided before the Court can assess Plaintiff's financial ability (or inability) to pay fees or costs in this action.   As a result, the IFP Application, Dkt. No. 2, is DENIED WITHOUT PREJUDICE.

Plaintiff may have until **July 15, 2025** to *either* (1) pay the filing fee for this action, *or* (2) file a new IFP application.   While Plaintiff is not required to do so, to aid in the endeavor of providing sufficient clarity as to his finances, a copy of the Court's approved application to proceed without prepaying fees or costs will be mailed to Plaintiff.   If Plaintiff chooses to use the approved application form, he must fully answer *each* question, including questions requiring him to state the dollar amount and/or value of things, such as any income he receives, money in bank accounts he holds, things of value he owns, and debts he owes.   If Plaintiff chooses not to use the approved application, in whatever document he files, he must still provide sufficient and particular financial information to assess whether he is able to pay fees and costs in this action.

**Plaintiff is cautioned that the failure to either pay the filing fee or file a new IFP application by July 15, 2025, consistent with the guidance above, will result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Plaintiff a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: July 1, 2025 at Honolulu, Hawai‘i.



Derrick K. Watson
Chief United States District Judge

---

*Aana-Kepa v. Satterwhite, et al.*; Case No. 25-cv-00260-DKW-WRP; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**