IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ADAM AANA-KEPA,<br><br>Plaintiff,<br><br>v.<br><br>MARIAH SATTERWHITE, *et al.*,<br><br>Defendants. | Case No. 25-cv-00260-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**[1] |

On June 24, 2025, Plaintiff Adam Aana-Kepa, proceeding without counsel, filed a Complaint against various known and unknown parties, alleging constitutional violations and negligence stemming from the "remov[al]" of six minor children from their "legal guardian", who Plaintiff identifies as his mother—a person not named as a plaintiff in this action. Dkt. No. 1. At the same time, Plaintiff also applied for leave to proceed without prepayment of fees and costs–an application the Court denied without prejudice because Plaintiff failed to provide sufficient information to assess whether he was entitled to a waiver of fees and costs. Dkt. No. 6. Plaintiff has now renewed his bid for leave to proceed without prepayment of fees and costs ("IFP Application"). Dkt. No. 9.

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

## I. IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Plaintiff has made the required showing under Section 1915(a). In the IFP Application, although Plaintiff states that he has no regular monthly expenses or debts, he also states that he receives not a cent of income from any source, is homeless, has $50 in a bank account, and owns no things of value. Based upon these representations, which the Court assumes the accuracy of for present purposes, Plaintiff has insufficient income and/or assets to pay the $405 filing fee. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Plaintiff also has no assets to provide security for said fee. As a result, the Court GRANTS the IFP Application, Dkt. No. 9.

**II.    Service**[2]

To facilitate service, the Court ORDERS as follows:

1.   For each of the seven (7) named Defendants,[3] the Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order.   The Clerk shall also send a copy of this Order to the U.S. Marshal.

2.   Should Plaintiff choose to use the U.S. Marshal to serve the summons and Complaint, he shall complete the forms as directed and, for each of the Defendants, submit the following documents to the U.S. Marshal in Honolulu, Hawaiʻi: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and

---

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   At this initial stage of the proceedings, without any responsive pleading from Defendants, and while acknowledging that there may be numerous defenses, affirmative or otherwise, to the claims alleged in the Complaint, the Court finds service of the same to be appropriate.

[3] Those seven Defendants are: Mariah Satterwhite, Wendy Robinson, Julia Larson, Charles H. McCreary IV, Maile Fernandez, Cassie Fernandez, and the State of Hawaiʻi Department of Human Services (collectively, "Defendants").   Dkt. No. 1 at 4-5.

>   Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to each Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs.  *See* Fed.R.Civ.P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Complaint.  For each Defendant, the U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If a Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

   a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Plaintiff does not wish to use the U.S. Marshal for service, he may serve each of the Defendants on his own, in compliance with Fed.R.Civ.P. 4.

7. Plaintiff is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and Complaint, whether accomplished

on his own or with the services of the U.S. Marshal, Plaintiff must serve on each of the Defendants or their attorney(s) a copy of all further documents he submits to the Court. The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf. In addition, Plaintiff shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on the Defendants or their counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Plaintiff is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi in pursuing this action.

IT IS SO ORDERED.

Dated: July 23, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge