IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ADAM AANA-KEPA,<br><br>Plaintiff,<br><br>vs.<br><br>MARIAH SATTERWHITE, ET AL.,<br><br>Defendants. | ) | CIVIL NO. 25-00260 DKW-WRP<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE |

FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE

On June 24, 2025, Plaintiff Adam Aana-Kepa (Plaintiff), proceeding without counsel, filed a Complaint against various Defendants. On July 23, 2025, Chief District Judge Derrick K. Watson issued the Order (1) Granting Application to Proceed in District Court without Prepaying Fees or Costs, and (2) Directing Service of the Complaint (Order). ECF No. 11. This Order noted that Plaintiff must serve Defendants either himself or with the assistance of the United States Marshal Service. Id. at 5 ("If Plaintiff does not wish to use the U.S. Marshal for service, he may serve each of the Defendants on his own, in compliance with Fed. R. Civ. P. 4."). The Order also provided instructions for Plaintiff if he chose to utilize the services of the United States Marshal. See id. at 3-6.

On October 21, 2025, this Court entered a Minute Order, noting that the service deadline had passed and the docket did not reflect service of the Defendants. ECF No. 20. This Court therefore ordered Plaintiff to file a status report, detailing his compliance with the instructions in the Order and any other efforts he had taken to serve Defendants. Id.

On November 7, 2025, Plaintiff filed a Status Report, stating that he "has not yet served any of the Defendants" and "was under the impression that the U.S. Marshals would automatically serve Defendants." Status Report, ECF No. 22 at 1. Plaintiff further stated that he "now understands that it is his responsibility to ensure proper service." Id.

On November 10, 2025, given that the service deadline had passed and Plaintiff had not taken steps toward serving Defendants, this Court issued an Order to Show Cause (OSC), ordering Plaintiff to show cause "why sanctions, including dismissal of this case, should not be imposed for failure to serve Defendants." Minute Order, ECF No. 23. Plaintiff filed a response, asking for an extension of time to serve Defendants. Response, ECF No. 24. The Court extended the deadline for Plaintiff to submit the required documents and information to the United States Marshal to December 2, 2025. Minute Order, ECF No. 25. The Court further ordered Plaintiff to file a status report by December 5, 2025, "detailing his compliance with the instructions in the Order and

any other efforts he has taken to serve Defendants." Id. The Court also extended the OSC until further order of the Court. Id.

Plaintiff did not file any further documents in this case, and the deadline to serve Defendants has expired.

Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). In doing so, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id. (citing Ferdik, 963 F.2d at 1260-61). Here, after careful consideration of each factor, the Court FINDS and RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE.

First, this case cannot proceed without service of Defendants, and Plaintiff has disregarded the Court's instructions to file a status report concerning their service. Consequently, Plaintiff's failure to take any action to serve Defendants prevents the resolution of this case on the merits and hinders the public's interest in the expeditious resolution of litigation. This factor therefore favors dismissal. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.

1999) ("the public's interest in expeditious resolution of litigation always favors dismissal").

Second, Plaintiff's failure to comply with this Court's orders impedes the Court's ability to manage its docket. Put simply, the Court cannot properly manage its docket where litigants such as Plaintiff fail to timely respond to the Court's instructions and orders. Therefore, this factor also favors dismissal.

Third, Plaintiff's failure to serve Defendants or respond to the Court's inquiry regarding service in a timely manner risks prejudice to Defendants. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." See Pagtalunan, 291 F.3d at 643 (citation omitted). Despite the Court's explicit instructions, Plaintiff has failed to serve Defendants, provide a status report as directed, request a further extension of time to serve, or provide any excuse or rationale for his failure to do so. This factor weighs in favor of dismissal.

Fourth, the Court has already provided Plaintiff with less drastic alternatives to no avail. The Court directed service by the United States Marshal, repeatedly ordered Plaintiff to file status reports regarding service of Defendants, and cautioned Plaintiff that failure to comply with Court orders may result in sanctions, including dismissal of this case. Consequently, this factor also favors dismissal.

Fifth and finally, because public policy favors disposing of cases on their merits, this factor weighs against dismissal. See Pagtalunan, 291 F.3d at 643.

In sum, as four out of five factors favor dismissal, the Court FINDS and RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for failure to serve Defendants, comply with this Court's orders, and prosecute this case. See Ferdik, 963 F.2d at 1263 (finding dismissal warranted where three out of five factors weighed in favor of dismissal); Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987) (where the other four factors favor dismissal, they are not outweighed by public policy favoring the resolution of cases on their merits); see also Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute.").[1]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 16, 2025.




Aana-Kepa, et al. v. Satterwhite, et al.; CIVIL NO. 25-00260 DKW-WRP; FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE.

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.